[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-14979 & 06-12160

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-61857-CV-MGC

NORTHERN INSURANCE COMPANY OF NEW YORK,

Plaintiff-Counter Defendant-
Appellant,

versus

CRAIG LAMM,

Defendant-Counter Claimant-
Appellee,

CHARTER ONE BANK, N.A.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(December 26, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Northern Insurance Company of New York ("Northern") appeals the district court's denial of its motion for summary judgment, grant of summary judgment to Craig Lamm and Charter One Bank, N.A. (collectively, "Defendants"), and awards of attorneys' fees to Defendants. The district court held that Northern had breached its insurance contract with Lamm and required Northern to pay Defendants, under the policy, for the loss that resulted when Lamm's vessel caught fire and sank. It also held that Defendants were entitled to attorneys' fees pursuant to Illinois law, Federal Rule of Civil Procedure 37, and the bad faith exception to the American Rule in Admiralty. We affirm.

Northern's arguments that Lamm breached his common law and contractual duties to disclose to Northern that he intended to travel to Cuba such that Northern should not be obligated to cover the loss of Lamm's vessel are unpersuasive. The district court did not err in finding that Lamm's conduct did not void the policy and that the policy was merely suspended during the time that the vessel was in Cuban waters. (No. 05-14979 R. 2-135 at 7; No. 05-14979 R.3-201 at 4.) Because (as Northern conceded at trial) the vessel was not in Cuban waters but rather within the navigation limits of the policy at the time of loss, coverage was in force at the time of the loss.

Northern argues that the district court erred in finding that the policy term "illegal" was ambiguous. We do not address this question because the district court found that there was insufficient proof of "illegal" activity and none of the allegedly "illegal" activity was material to the risk of loss or related in any way to the loss suffered. (No. 05-14979 R.3-201 at 12-14). Therefore, whatever the meaning of "illegal," the allegation that Lamm was engaged in that conduct is no defense to liability under the policy.

Northern argues that Defendants were not entitled to attorneys' fees pursuant to any of the authorities relied upon by the district court. In adopting the reports and recommendations of the magistrate judge, the district court found that Northern had demonstrated vexatious and unreasonable conduct and bad faith in denying coverage and litigating frivolous coverage-related issues. (No. 05-14979 R.4-222, 236, 248; No. 06-12160 R.1-256.) We find no clear error in these factual findings and therefore find no abuse of discretion in the awards of attorneys' fees to Defendants. (We have considered the argument that there was legal error in the award to Charter One, and we reject it.)

Lamm has filed motions for attorneys' fees and costs incurred in these appeals. The motions are GRANTED; we REMAND to the district court for determination of the amount of fees and costs due.[1]

JUDGMENTS AFFIRMED; MOTIONS FOR ATTORNEYS' FEES AND COSTS INCURRED ON APPEAL GRANTED AND REMANDED.

---

[1]Lamm's motion to file an appendix is GRANTED.